Officer. It also is undisputed that respondents refused to provide petitioner with a copy of the transcript at that time, and petitioner was required to pay for a copy of the transcript in order to obtain one. Respondents contend that they were required to provide petitioner with a copy of the transcript free of charge only after the issuance of the determination resolving the charges and, then, only in the event that petitioner was found guilty of at least one of the charges against him. Respondents contend that they provided petitioner with a copy of the transcript free of charge at that time and thus the court erred in requiring them to reimburse petitioner for the cost of obtaining the transcript before the issuance of the determination. We reject that contention.

Civil Service Law § 75 (3) provides in relevant part that "[a] copy of the transcript of the hearing shall, upon request of the officer or employee affected, be furnished to him [or her] without charge." The prior version of the statute, Civil Service Law former § 22 (2), provided in relevant part that, "[i]f such officer or employee is found guilty, a copy of the charges preferred and the answer thereto, the determination and a transcript of the hearing shall be forthwith entered upon the records of the department or office in which he [or she was] employed, . . . and a copy of the determination and of the transcript of the hearing [shall be] furnished to such officer and employee." The prior version of the statute thus provided that a copy of the transcript of the hearing was to be furnished upon a finding of guilt, while the statute as amended removed that limitation. "In construing the statute, we are justified in assuming that it was intended by the Legislature to change the law then existing" (*Lichtenstein v Grossman Constr. Corp.*, 221 App Div 527, 530 [1927]; see McKinney's Cons Laws of NY, Book 1, Statutes § 193 [a]; *Matter of Stein*, 131 AD2d 68, 71-72 [1987], *lv dismissed* 72 NY2d 840 [1988]).

Finally, we note that respondents are not required pursuant to Civil Service Law § 75 (3) to obtain and provide a daily or weekly copy of the transcript of a hearing as it progresses. Here, however, the hearing had been completed when petitioner requested a copy of the transcript and respondents refused to provide him with a copy at that time. The court thus properly directed respondents to reimburse petitioner for the cost of obtaining the transcript. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.

■ In the Matter of CHARLES W. TERMINI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [813 NYS2d 316]—Order entered grant-

ing motion for default. Same memorandum as in *Matter of Termini* (28 AD3d 1256 [2006]). Present—Scudder, J.P., Gorski, Green, Pine and Hayes, JJ. (Filed Apr. 13, 2006.)

In the Matter of J. DANIEL LENAHAN, an Attorney, Resignor. [813 NYS2d 315]—Resignation accepted and name stricken from roll of attorneys. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.

In the Matter of CHARLES W. TERMINI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [813 NYS2d 315]—Order of disbarment entered. Memorandum: Respondent's unexcused failure to appear or answer the petition constitutes a default (*see Matter of Hensel*, 24 AD3d 1324 [2005]; *Matter of Wedlock*, 230 AD2d 422 [1997]). Present—Scudder, J.P., Gorski, Green, Pine and Hayes, JJ. (Filed Apr. 13, 2006.)

In the Matter of ROBERT N. BAKALIK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [813 NYS2d 315]—Order of suspension entered. Present—Scudder, J.P., Gorski, Green, Pine and Hayes, JJ. (Filed Apr. 13, 2006.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCKINNEY, Appellant. [813 NYS2d 690]—Motion for writ of error coram nobis denied. Present—Kehoe, J.P., Scudder, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ELLINGTON, Appellant. [813 NYS2d 690]—Motion for writ of error coram nobis denied. Present—Scudder, J.P., Gorski, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX MERCED, Appellant. [813 NYS2d 690]—Motion for writ of error coram nobis denied. Present—Scudder, J.P., Gorski, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MARTINEZ, Appellant. [813 NYS2d 690]—Motion for writ of error coram nobis denied. Present—Hurlbutt, J.P., Scudder, Kehoe and Smith, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELVIN SPEED, Appellant. [813 NYS2d 690]—Motion for writ of error coram nobis denied. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CONNER, Appellant. [813 NYS2d 690]—Motion for writ of